# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BERKSHIRE HATHAWAY SPECIALTY<br>INSURANCE COMPANY | )<br>) Case No. 1:23-cv-212<br>) |
| Serve: | ) JURY TRIAL DEMANDED<br>) |
|    Dana Popish Severinghaus<br>   Director, Illinois Department of Insurance<br>   122 S. Michigan Ave., 19th Floor<br>   Chicago, IL 60603<br>   (312) 814-2420 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

For its Complaint for Damages against Defendant Berkshire Hathaway Specialty Insurance Complaint, Plaintiff LKQ Corporation ("**LKQ**") states and alleges as follows:

## BACKGROUND

1. This dispute arises out of Berkshire Hathaway Specialty Insurance Company ("**Berkshire**")'s refusal to pay certain sums owed to LKQ pursuant to the terms of a Stop Loss Insurance Policy Berkshire issued to LKQ.

2. In an effort to avoid its obligations to pay LKQ under the policy as written, Berkshire has attempted to revise the policy to include an adjusted specific deductible of $1,300,000 for one of LKQ's employees, as well as a revised specific claim basis for that employee.

3. Berkshire's attempt to retroactively underwrite the policy is improper and unsupported by the facts, the policy, and the law.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff LKQ is a Delaware corporation, with its principle place of business located at 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661.

5. Defendant Berkshire is an insurance company domiciled in the State of Nebraska and admitted to do business in the State of Illinois. Upon information and belief, Berkshire's principal place of business is 1314 Douglas Street, Suite 14, Omaha, Nebraska, 68102.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a), because parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim arose in this district.

## FACTS APPLICABLE TO ALL COUNTS

8. In November 2018, LKQ as the sponsor of an employee benefit plan, applied for specific and aggregate stop loss insurance coverage with Berkshire.

9. LKQ sought coverage for the period from January 1, 2019 to December 31, 2019.

10. Prior to completing the application, LKQ provided the broker with its paid claims data from January 1, 2018 through September 30, 2018.

11. The broker provided this data to Berkshire's Regional Sales Director, Bruce Shaver, on November 1, 2018.

12. Included in that report was information regarding claims paid on behalf of one of LKQ's employees, Mr. ▮▮▮▮▮▮▮▮.

13. Pursuant to Berkshire's request, on November 15, 2018, LKQ completed a Stop Loss Disclosure Statement.

14. The Disclosure Statement required LKQ to "accurately report all claims known as of the date of the Disclosure Statement by making a thorough review of all applicable records." It

further required LKQ to review "historical claims reports…and current information from administrators, insurers, …" and report all claims known as the date of the Disclosure Statement.

15. Contemporaneous correspondence between Mr. Shaver, the broker, and LKQ's third-party administrator demonstrates that Berkshire was aware of Mr. ▬▬▬▬ high claims experience and nonetheless issued a quote for coverage that contained a $550,000 Specific Deductible.

16. On December 3, 2018, LKQ completed the Application, which included the Stop Loss Disclosure Statement that LKQ had completed on November 15, 2018.

17. Thereafter, Berkshire issued the Stop Loss Insurance Policy, Policy No. 47-MSL-000264-01, effective January 1, 2019 to December 31, 2019 to LKQ containing a Specific Deductible of $550,000 with a Claim Basis of Incurred in 24 and Paid in 12 (the "**Policy**"). A copy of the Policy is attached here as **Exhibit A**.

18. Pursuant to the Policy's plain language, the Specific Stop Loss Coverage Benefit applies to "Eligible Expenses Incurred from 01/01/2018 through 12/31/2019 and Paid from 01/01/2019 through 12/31/2019." *See* **Ex. A** at II. Schedule of Benefits, Specific Benefit Claims Basis.

19. In June 2019, an issue arose regarding payment for claims for prescription medication issued to Mr. ▬▬▬▬

20. According to LKQ's third party administrator, Blue Cross Blue Shield of Illinois ("**BCBS**"), the pharmacy benefit manager had submitted the claims for payment for dates of service ranging from November 14, 2017, to November 23, 2018, but the claims were denied because the dose was above the medically recommended limit.

21. The pharmacy benefit manager appealed the denial several weeks after the Policy was issued.

22. Thereafter, BCBS confirmed the dosing was appropriate and agreed to reprocess and approve payment based on the additional information provided by the pharmacy benefit manager.

23. The claims for Mr. ▮▮▮ prescriptions with dates of service after January 1, 2018, were processed, paid, and submitted to Berkshire for reimbursement during the Policy Period.

24. Pursuant to the plain language of the Policy, these claims were for "Eligible Expenses," and were "Incurred" and Paid within the Specific Claims Basis.

25. On August 13, 2019, Berkshire sent a letter to LKQ indicating Berkshire's intent to revise the Policy to include a specific deductible of $1,300,000 for Mr. ▮▮▮ and to change his claim basis to "Incurred in 12 and Paid in 12."

26. Berkshire thus sought to retroactively underwrite the Policy to include a specific deductible for Mr. ▮▮▮ of $1,300,000 and to only cover claims for expenses incurred by Mr. ▮▮▮ after January 1, 2019.

27. LKQ declined Berkshire's request to revise the Policy, and demanded immediate payment of all outstanding claims submitted with regard to Mr. ▮▮▮ under the terms of the Policy as issued.

28. The total amount of claims incurred under the Policy was $2,029,093.

29. Taking into account the Policy's $550,000 Specific Deductible, LKQ is owed $1,479,093.

30. Berkshire has not paid LKQ any amount for the losses LKQ has incurred applicable to Mr. ▮

## COUNT I – BREACH OF CONTRACT

31. Plaintiff LKQ incorporates by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32. The Policy is a legally binding contract between Berkshire and LKQ.

33. LKQ has performed all its obligations under the Policy, including complying with the Dispute Resolution Process described in Section VI.D. of the Policy.

34. Berkshire has breached the Policy by failing to pay LKQ the losses incurred in connection with Mr. ▮

35. LKQ has suffered damages as a result of Berkshire's breach.

WHEREFORE Plaintiff LKQ prays this Court enter judgment in its favor against Defendant Berkshire for breach of contract, and an award LKQ damages in the amount to be proven at trial, and for such other and further relief as may be proper under the circumstances.

## COUNT II – VEXATIOUS AND UNREASONABLE DELAY

36. Plaintiff LKQ incorporates by reference the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

37. LKQ timely sought coverage under the Policy for the losses incurred by Mr. ▮

38. Berkshire has refused to pay LKQ the benefits it is owed under the Policy.

39. Berkshire's refusal to pay LKQ is contrary to the plain language of the Policy.

40. Berkshire's refusal to pay the claim is vexatious and unreasonable, as the losses are undeniably covered under the plain language of the Policy.

41. As a result, LKQ has been damaged and seeks relief pursuant to Il. St. Ch. 215 § 5/155.

WHEREFORE Plaintiff LKQ prays this Court enter judgment in its favor against Defendant Berkshire and an award LKQ statutory damages pursuant to Il. St. Ch. 215 § 5/155, LKQ's reasonable attorney's fees, and costs, and for such other and further relief as may be proper under the circumstances.

**JURY TRIAL DEMANDED**

Dated: January 13, 2023

Respectfully submitted,

POLSINELLI PC

By: /s/ *Kevin M. Hogan*
    KEVIN M. HOGAN (IL Bar No. 6339112)
    150 North Riverside Plaza, Suite 3000
    Chicago, Illinois 60606
    (312) 819-1900
    Fax: (312) 819-1910
    kmhogan@polsinelli.com

    LAUREN E. TUCKER MCCUBBIN
    (*pro hac forthcoming*)
    AMBER J. SIMON
    (*pro hac forthcoming*)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    816-753-1000
    Fax: 816-753-1536
    ltucker@polsinelli.com
    asimon@polsinelli.com

    ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on January 13, 2023, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

*/s/ Kevin M. Hogan*